RHONDA K. WOOD, Justice, concurring. In this matter, we have original jurisdiction and therefore sit as a trial court. See Ark. Const, art. 5, § 1. The petitioners filed a complaint containing ten charges against the proposed ballot title. The majority has randomly selected one charge and used that to grant the petition, thus avoiding addressing the remaining charges. I concur because this court should address all the ballot title’s defects. While this may be considered advisory under appellate jurisdiction, addressing all the issues is the best practice under original jurisdiction. In past cases where we have granted a petition challenging a ballot title, we have not limited our review to one defect.[1] For example, in Bailey v. McCuen, our court granted a petition to remove a proposed amendment regarding workers’ compensation laws from the ballot. 318 Ark. 277, 884 S.W.2d 938 (1994). There, we found that the ballot title contained two separate deficiencies: it failed to inform voters that caps on attorney’s fees would be Incompletely removed and that workers’ compensation statutes would be interpreted liberally rather than strictly. In Christian Civic Action Committee v. McCuen, this court granted a petition to remove from the ballot a proposed constitutional amendment regarding lotteries. 318 Ark. 241, 884 S.W.2d 605 (1994). Petitioners argued that the ballot title was too lengthy and that certain terms, such as “additional racetrack wagering,” were misleading. We addressed both* issues, holding that the ballot title’s length was not insufficient “standing alone,” id. at 247, 884 S.W.2d at 609, but that the use of “additional racetrack wagering” in lieu of “casino style gambling” rendered the ballot title “fatal[ly] misleading. Id. at 250, 884 S.W.2d at 610. In Kurrus v. Priest, we struck a ballot-title amendment that would have abolished sales-and-use taxes. 342 Ark. 434, 29 S.W.3d 669 (2000). The court’s opinion addressed multiple insufficiencies. For instance, we held that the ballot title was misleading for failing to inform voters the full import of the terms “next regularly scheduled statewide election,” “tax increase,” and “taxes.” Id. at 443-45, 29 S.W.3d at 673-75. In addition to this, we held that the ballot title was unconstitutional because it impaired the freedom of contract. Id. at 447, 29 S.W.3d at 676. In Scott v. Priest, this court granted a petition challenging a casino-related amendment that contained three misleading and material omissions. 326 Ark. 328, 932 S.W.2d 746 (1996). Also in Crochet v. Priest, we removed another amendment concerning gambling because the ballot title contained multiple infirmities. 326 Ark. 338, 931 S.W.2d 128 (1996). First, we held that the amendment’s creation of a Lottery Commission failed to include in the hsballot title the proposed Commission’s expansive powers. Id. at 345, 931 S.W.2d at 132. Second, we ruled that the ballot title’s use of “video terminal game” was tinged with partisan coloring. Id. at 347, 931 S.W.2d at 133. Last, we held that the phrase “twenty-five cent video terminal” was misleading because the twenty-five-cent limit could be later enlarged by the proposed Commission. Id. In all, these cases show that this court regularly addresses multiple defects when addressing a ballot-title challenge. We presumably do not want to “hide the ball” from ballot-title sponsors. These sponsors are entitled to know each of the defects their ballot title contains so, in the future, they can submit a ballot title that complies with the law. This is important because Arkansas citizens have a constitutional right to propose laws and amendments; indeed, our constitution states that “[t]he first right reserved by the people is the initiative.” Ark. Const, art. 5, § 1; see also Christian Civic Action Comm., 318 Ark. at 250, 884 S.W.2d at 610 (“Amendment '7’s reservation to the people of the initiative power lies at the heart of our democratic institutions.”). We vindicate this right by addressing all the defects of a ballot title. Otherwise, a citizen’s petition could be struck down in piecemeal fashion, and the citizen must endure multiple election cycles, and multiple legal defeats, before submitting his or her initiative to the people of this State for approval. Brill, C.J., joins. . We address all charges when these types of petitions are denied, but that it not relevant to this opinion. E.g., Cox v. Martin, 2012 Ark. 352, 423 S.W.3d 75.